02-09-156-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00156-CR

 

 


 
 
 Dean Edward Patton
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

FROM Criminal District Court No. 2
OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant Dean Edward Patton waived
his right to a jury and pled guilty to one count of aggravated sexual assault
of a child.  The trial court sentenced
him to thirty years’ confinement. 
Appellant’s court-appointed counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous.  Counsel’s brief and
motion meet the requirements of Anders v.
California[2] by presenting a professional evaluation
of the record demonstrating why there are no arguable grounds for relief.[3]  The State filed a response to the Anders brief, contending that the appeal
should be dismissed, and Appellant also filed a pro se response to the Anders brief, alleging ineffective assistance
of his trial counsel.  We note that there
is no reporter’s record of the guilty plea hearing and that no motion for new
trial appears in the clerk’s record.[4]

          After an appellant’s court-appointed
counsel files a motion to withdraw on the ground that the appeal is frivolous
and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record
to see if there is any arguable ground that may be raised on his behalf.[5]  Only then may we grant counsel’s motion to
withdraw.[6] 

          Contrary to the State’s contention, its
choice not to proceed on five other counts of aggravated sexual assault of a
child is not evidence that Appellant’s guilty plea was made as part of a
bargain.  There is no evidence of an
agreement in the record.  The written
plea admonishments and judgment both provide that there was no bargain and that
Appellant entered an “open plea of guilty to the court with a PSI.”  Neither the admonishments nor the judgment
mentions that the State decided not to proceed on the remaining five
counts.  At sentencing, the trial court
stated, “Now, this was an open plea, which basically means that there was no
plea bargain on this case.”  We therefore
hold that this is an “open plea” case and reject the State’s request that we
dismiss the appeal based on Appellant’s waiver of appeal.[7]

          Because Appellant entered an open plea
of guilty, our independent review for potential error is limited to potential
jurisdictional defects, the voluntariness of his plea, error that is not
independent of and supports the judgment of guilt, and error occurring after
entry of the guilty plea.[8]

          We have carefully reviewed counsel’s
brief, Appellant’s response, the State’s brief, and the appellate record.  We agree with counsel that this appeal is
wholly frivolous and without merit; we find nothing in the appellate record
that arguably might support this appeal.[9]  Accordingly, we grant counsel’s motion to
withdraw and affirm the trial court’s judgment.

 

                                                                             PER
CURIAM

PANEL:  DAUPHINOT, MEIER,
and GABRIEL, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 10,
2011











          [1]See Tex. R. App. P. 47.4.





[2]386
U.S. 738, 87 S. Ct. 1396 (1967). 





[3]See Stafford v. State,
813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).





[4]See Salinas v. State, 163 S.W.3d 734,
740 (Tex. Crim. App. 2005) (“In the majority of cases, the record on direct
appeal is undeveloped and cannot adequately reflect the motives behind trial
counsel’s actions.”); Andrews v. State,
159 S.W.3d 98, 102 (Tex. Crim. App. 2005) (indicating that claims of
ineffective assistance of counsel are normally best left for habeas corpus
proceedings.).





[5]See Stafford, 813
S.W.2d at 511. 





[6]See Penson v. Ohio, 488 U.S. 75, 82–83,
109 S. Ct. 346, 351 (1988). 





[7]See Ex parte Delaney, 207 S.W.3d 794,
798–99 (Tex. Crim. App. 2006) (holding waiver of appeal absent a bargain or
recommended sentence is not valid for punishment phase because not made
knowingly or voluntarily).





[8]See Monreal v. State, 99
S.W.3d 615, 620 (Tex. Crim. App. 2003). 





[9]See Bledsoe v. State, 178
S.W.3d 824, 827–28 (Tex. Crim. App. 2005).